**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**DENNIS M. CAVANAUGH**
JUDGE

UNITED STATES POST OFFICE
AND COURTHOUSE BUILDING
NEWARK, NJ 07101
Room No. 451
(973) 645-3574

**NOT FOR PUBLICATION**

September 19, 2005

**THE ORIGINAL OF THIS LETTER OPINION-ORDER
IS ON FILE WITH THE CLERK OF THE COURT**

*Vincent M. Giblin, Esq.*
*Albert G. Kroll, Esq.*
Kroll Heineman Giblin Attorneys at Law
Metro Corporate Campus
99 Wood Avenue South, Suite 307
Iselin, New Jersey 08830

*John T. Coyne, Esq.*
*Walter F. Timpone, Esq.*
McElroy, Deutsch, Mulvaney, & Carpenter, LLP
1300 Mount Kemble Avenue
PO Box 2075
Morristown, New Jersey 07962-2075

*Angelo R. Bisceglie, Jr., Esq.*
Bisceglie & Friedman L.L.C.
One Newark Center
Newark, New Jersey 07102

*Kyle C. Bisceglie, Esq.*
Barton Barton & Plotkin LLP
Graybar Building
420 Lexington Avenue
New York, New York 10170

*David Grossman, Esq.*

Cohen, Leder, Montalbano, & Grossman, LLC
1700 Galloping Hill Road
Kenilworth, New Jersey 07033

*Michael Bubb, Esq.*
25 Prospect Street
Morristown, New Jersey 07960-0796

*William J. De Marco, Esq.*
William J. De Marco, LLC
500 Valley Road
Wayne, New Jersey 07470

*David Samson, Esq.*
Wolff & Samson PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey 07052

         **Re:**    **Application for Attorneys' Fees of Court-Appointed Trustee, David Samson**
               **Civil Action No.: 05-68**

Dear Counsel:

This matter comes before the Court upon an application for attorneys' fees for the legal services provided pursuant to the Order of June 28, 2005, wherein this Court appointed David Samson, Esq., as the Substitute Employer-Trustee of the Laborers' International Union of North America Local 734 Pension Fund and the Laborers' International Union of North America Local 734 Welfare and Educational Fund ("the Funds"). After reviewing the papers submitted on this matter and the objections thereto, the request for attorneys' fees is **granted**.

## I. Background

On April 7, 2005, this Court issued an Order restraining Louis Calastro, Salvatore Salerno, and Peter Rizzo ("Defendants"), from participating in the operation and administration of the Funds. The Court appointed David Samson, a partner of the law firm Wolff & Samson, PC, as

the substitute Employer-Trustee of the Funds. Mr. Samson served as the substitute Employer-Trustee for the period running from April 7, 2005, until he was discharged on June 28, 2005. He now seeks payment for the legal services he and his law firm rendered during that time. In total, he is requesting $88,300.72. Defendants argue that many of the services performed by Mr. Samson were outside the scope of his duties as Employer-Trustee. Michael Rosado and Joseph Gambardella, two participants of the Funds, allege that many of the services provided by Mr. Samson and his law firm were unreasonable and that his fee application should be reduced accordingly.

## II. ERISA

The Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1106(a)(1)(C) prohibits a fiduciary from engaging in transactions if he knows or should know that such a transaction will result in the "furnishing of goods, services, or facilities between the plan and a party in interest." An exception to this rule exists under Section 1108(b)(2), which allows fiduciaries to contract or make arrangements with an interested party for legal services, provided the services are necessary for the establishment or operation of the plan and the compensation for the services is reasonable.

This Court found that Mr. Samson's services were necessary to the operation of the Funds on June 28, 2005, when he was appointed as the substitute Employer-Trustee, as requested by counsel for the Plaintiff. The issue now before this Court is whether the attorney fees requested by Mr. Samson are reasonable.

## III. Fees

The District Court employs its discretion to fix the amount of attorney fees and expenses. In re Gen. Motors Corp. Pick-Up Truck Prods. Liab. Litig., 55 F.3d 768, 783, 821 (3d Cir. 1995)

(citing Lindy Bros. Builders, Inc. v. Am. Radiator & Std. Sanitary Corp. 540 F.2d 102, 115 (3d Cir. 1976)). There is no exact method though for determining an appropriate award. In re Computron Software, Inc., 6 F. Supp. 2d 313, 321 (D.N.J. 1998). Rather, the facts of each case must be considered in order to determine the amount of any award. Id.

One of the methods used to determine the reasonableness of attorneys' fees is the lodestar method. The lodestar method is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. Lindy Bros. Builders, Inc. v. Am. Radiator & Std. Sanitary Corp., 487 F.2d 161, 167 (3d Cir. 1971). The lodestar method is presumed to yield a reasonable fee. Washington v. Philadelphia Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996) (citations omitted). Where excellent results have occurred, the attorney should recover a fully compensatory fee. Blum v. Stenson, 465 U.S. 886, 901 (1984). This will normally include compensation for all hours reasonably expended during the litigation, and in some cases of exceptional success an enhanced award may be justified. Id.

### A. Standard for Evaluating Reasonableness of Hours Charged

In order to determine the reasonableness of attorneys' fees, the Third Circuit has explained that district courts should "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." Public Interest Research Group v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995). When a defendant challenges the number of hours as being excessive, courts frequently look at two factors to guide the assessment of reasonableness – whether such charges would be billed to a fee-paying client and what the opposing party did in the same case. In re Fine Paper Antitrust Litig., 751 F.2d 562, 587 (3d Cir. 1984); Lenard v. Argento, 808 F.2d

1242, 1245 (7th Cir. 1987); Jordan v. CCH, Inc., 230 F. Supp. 2d 603, 611 (E.D. Pa. 2002).

In Bell v. United Princeton Properties, Inc., 884 F.2d 713, 720 (3d Cir. 1989), the Court held that the opposing party has the burden of challenging the reasonableness of a fee application with sufficient specificity as to give the applicant notice and an opportunity to respond. Specifically, the Third Circuit stated:

> [A] court may not *sua sponte* reduce the amount of the award when the defendant has not specifically taken issue with the amount of time spent or the billing rate, either by filing affidavits, or in most cases, by raising arguments with specificity and clarity in briefs. . . . It bears noting that the district court retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections raised by the adverse party. . . . [T]he adverse party's submissions cannot merely allege in general terms that the time spent was excessive. In order to be sufficient, the briefs or answers challenging the fee request must be clear in two respects. First, they must generally identify the type of work being challenged, and second, they must specifically state the adverse party's grounds for contending that the hours claimed in that area are unreasonable. The briefs must be specific and clear enough that the fee applicants have a fair chance to respond and defend their request.

Id. (internal citations omitted).

The Third Circuit further explained in Rode v. Dellarciprete, 892 F.2d 1177, 1187 (1990), that based on challenges raised by the adverse party, the district court must "explain why it concludes hours expended on a task are excessive" and must "specify the number of hours that would be reasonable and why those hours would be reasonable." It also reiterated that "[t]he district court cannot decrease a fee award based on factors not raised by the adverse party." Id. at 1183. The Third Circuit advised that the district courts should first examine the amount of hours spent by the attorneys. Lindy Bros. Builders, Inc., 487 F.2d at 167. The district court is not required to know the exact number of minutes spent by each attorney, or the precise activity each hour was devoted

to, or finally, the exact attainments of each attorney. Id. The district court just needs "some fairly definite information as to the hours devoted to various general activities." Id.

## B. Hours Charged

The Defendants claim that Mr. Samson's fees are unreasonable because the firm performed services that were above and beyond the tasks required of Mr. Samson as a Trustee. The Defendants allege that it was unreasonable for Mr. Samson to enlist the aid of six attorneys working at the firm Wolff & Samson. As a Trustee to the Funds, Mr. Samson owed a fiduciary duty to act in the best interest of the Funds. As a fiduciary, he was required to discharge his services solely for the benefit of the Funds' beneficiaries and participants, and not for his own personal gain. 29 U.S.C. § 1104(a)(1). In order to act in the best interest of the Funds, Mr. Samson had to familiarize himself with all of the allegations, facts, claims, and issues in the current litigation. He also had to become informed about the administration and internal structure of the Funds. The litigation surrounding the Funds is complex and detailed and it requires more than a few hours to become acquainted with its intricacies. It is therefore reasonable for Mr. Samson to spend multiple hours trying to accomplish this task.

It is also not unreasonable for legal research on Westlaw to be performed by Mr. Samson or members of his firm in regard to this matter, nor are photocopying expenses unreasonable. Mr. Samson could not be expected to leave his firm and travel to the Funds' office every time he wished to have something copied. That would only take up more time and drive the fees up even higher.

In addition, Defendants must specifically state why the hours charged are unreasonable. The Third Circuit requires defendants to do more than merely allege that the time spent was excessive.

The Defendants here failed to carry this burden. They did not adequately explain how Mr. Samson went beyond the scope of his duties to the Fund and merely stated in general terms that Mr. Samson's fees are too excessive.

This Court appointed Mr. Samson as the substitute Employer-Trustee to the Funds at the request of the prevailing party. Mr. Samson did not apply for this position and has no other connection to this litigation. Due to the nature of the underlying claims, it was necessary for this Court to appoint someone of stature, whose honesty and integrity could not be questioned. As a former Attorney General of the State of New Jersey, and as someone known both professionally and personally to this Court, David Samson was the correct choice so assist the Court in this matter. By accepting this task and undertaking the responsibilities associated with the position, Mr. Samson assisted the Court and now deserves to receive compensation for his efforts.

### C. Hourly Rate

The Defendants also questioned the reasonableness of Mr. Samson's hourly rate, which is between $600 and $650 an hour. Mr. Samson is an attorney with over thirty-five years of legal experience. He is a founding member and senior partner at Wolff & Samson and was previously the Attorney General for the State of New Jersey. Due to his experience and legal accomplishments it is reasonable for Mr. Samson to charge these fees. His fees are not higher than other senior partners at New Jersey law firms that have comparable resumes. Furthermore, because of Mr. Samson's higher rates, it is also reasonable for him to delegate various tasks to other members of the law firm. The fact that "Mr. Samson only billed 13.20 hours," is not something the Defendants should contest. By having lawyers at his firm that bill at a lesser hourly rate perform necessary research, Mr. Samson succeeded in saving the Funds money in legal fees, which is consistent with his fiduciary duties

while still overseeing the matter.

### IV. Conclusion

For the reasons stated above, the request for attorneys' fees is granted. The Defendants must pay Mr. David Samson, Esq., the amount of $88,830.72 for his fees and costs.

**SO ORDERED.**

**DENNIS M. CAVANAUGH, U.S.D.J.**

Original:   Clerk's Office
CC:         All parties
            The Honorable Mark Falk, U.S.M.J.
            File