NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BYRNE, et al., : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 05-CV-68 (DMC) |
| LOUIS CALASTRO, et al., : | |
| Defendants. : | |

This matter coming before the Court upon on motion by Louis Calastro, Joseph Gambardella, Salvatore Salerno, Michale Rosado, and Peter Rizzo ("Defendants"), appealing the order entered on February 6, 2006, by the Honorable Mark Falk, denying Defendants' cross-motion to disqualify the law firm of Kroll Heineman and Giblin from representing Patrick Byrne and Paul Drazen ("Plaintiffs") in this matter. Pursuant to Fed.R.Civ.P. 78 no oral argument was heard. For the reasons discussed below, Defendant's motion is **denied** and Judge Falks's opinion and order is **affirmed** and **adopted**.

### I. Discussion

### A. Standard of Review

A district court may reverse a magistrate judge's order if it finds the ruling clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law. See Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3d Cir. 1992). According to the Supreme Court, "a finding

is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

Where, as here, the magistrate judge has ruled on a nondispositive matter such as a discovery motion, his ruling is entitled to great deference and is reversible only for abuse of discretion. Carey v. Foster Wheeler Corp., 1991 WL 10033 *3 (D.N.J.); Environmental Tectonics Corp. v. W.S. Kirkpatrick & Co., 659 F. Supp. 1381, 1399 (D.N.J.1987) (citing cases), aff'd in part, rev'd in part, 847 F.2d 1052 (3d Cir.1988), aff'd, 493 U.S. 400 (1990); see also Schroeder v. Boeing Comm'l Airplane Co., 123 F.R.D. 166, 169 (D.N.J.1988) (magistrate judge has wide discretion provided opinion is based upon clearly articulated principles).

### B. Defendants' Arguments

Defendants argue Judge Falk's decision denying their cross motion to disqualify the law firm of Kroll Heineman and Giblin from representing Patrick Byrne and Paul Drazen ("Plaintiffs") in this matter was clearly erroneous. Defendants argue that Judge Falk wrongfully disregarded the October 17, 2005 Affidavit of Louis Calastro, the September 30, 2005 Affidavit of Joseph Gambardella, and the March 21, 2005 deposition transcript of Patrick Byrne in his decision. (Defendants' Brief in Support of their Motion Appealing Judge Falk's February 6, 2006 Decision ("Def. Br.") at 6). Defendants also argue that Judge Falk improperly relied upon findings set forth in Independent Hearing Officer Peter F. Vaira's Final Order and Memorandum and that Judge Falk improperly refused to adjourn oral argument when William DeMarco, Esq. failed to appear. (Id. at 7). Finally, Defendants argue Judge Falk improperly used and applied cases to support his decision that were inapplicable to the analysis of an attorney-client relationship but focused instead on the fiduciary exception to the attorney-client relationship.

(Id.)  Defendants seek the reversal of Judge Falk's decision and request the firm of Kroll Heineman and Giblin be disqualified from acting as counsel in this case.

### C. Defendants' Failure to Meet the Required Standard

Defendants' first argument fails to show that Judge Falk's decision was clearly erroneous. Judge Falk read all of papers submitted by both sides, which includes the October 17, 2005 Affidavit of Louis Calastro, the September 30, 2005 Affidavit of Joseph Gambardella, and the March 21, 2005 deposition transcript of Patrick Byrne.  An argument or submission is not deemed overlooked just because it is not specifically addressed in a court's opinion.  Eichorn v. AT&T Corp., No. Civ. A. 96-3587 (MLC), 1999 WL 33471890 (D.N.J. Aug. 23, 1999) (Cooper, U.S.D.J.).  In his decision, Judge Falk noted that he read all of the papers carefully and appreciated the arguments made by both sides.  (See Falk Transcript at T5:22-25).  Judge Falk's silence on these documents does not mean that he did not fully consider them during his the process by which he came to his final decision.  Defendants have failed to show how Judge Falk abused his discretion or committed an error in regard to these documents.  Therefore Judg Falk's decision cannot be overturned on these grounds.

Defendants next argue the decision should be reversed because Judge Falk improperly relied upon findings set forth in Independent Hearing Officer Peter F. Vaira's final order and memorandum.  Judge Falk's decision does not rely on these findings, in fact it is just the opposite.  In his decision Judge Falk states, "[n]ow I'm not granting any credence to the independent hearing officer's findings, which have been disputed by the Defendants vigorously ... However , these findings and this dismissal on October 4th raise some questions as to why the conflict issue ... wasn't raised earlier ... So there was some delay there, but I am not making any finding on this." (Falk Transcript T51:6-15).  Officer Vaira's order and memorandum were one

of the many documents and factors considered in the decision. Judge Falk specifically notes that he is not making any findings as to the status of the memorandum. Judge Falk's thoroughness will not be faulted by this Court and by no means provide any grounds to reverse his decision.

Defendants next argue Judge Falk used and applied improper cases to support his decision that were inapplicable to the analysis of an attorney-client relationship. This Court finds nothing wrong or improper about the cases used to support his argument. The cases used were relevant and applicable to this matter and Judge Falk's reliance upon these cases was not misplaced.

Finally, Defendants argue the decision should be reversed because Mr. DeMarco was unable to attend. While it was unfortunate for Mr. DeMarco that he could not attend the argument, his absence does not warrant the reversal of a Magistrate Judge's decision. This is a complex matter that involves many attorneys. It was well within Judge Falk's discretion to make the decision to proceed without Mr. DeMarco's input at the argument.

### III. Conclusion

Based on the foregoing, Defendant's motion appealing Magistrate Judge Falk's order is **denied** and Magistrate Judge Falk's decision is **affirmed** and **adopted**. An appropriate order accompanies this opinion.

  S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      May 23, 2006
Original:   Clerk's Office
cc:        All Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File