NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BYRNE, et al., : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 05-CV-68 (DMC) |
| LOUIS CALASTRO, et al., : | |
| Defendants. : | |

   This matter comes before the Court upon a motion by Salvatore Salerno, Louis Calastro, and Peter Rizzo ("Defendants"), for reconsideration of this Court's September 20, 2005 Order and Opinion, which granted Mr. David Samson, Esq.'s application for attorney's fees for the legal services rendered during the period he served as a special master in this case. Defendants filed this motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. This matter is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion for reconsideration is **denied**.

### I. Background

   The facts of this matter were described in this Court's September 20, 2005 Opinion and in the interest of judicial economy the facts will not be restated in this Opinion. On September 30, 2005, Defendants filed a Motion for Reconsideration and now seek reconsideration of this Court's September 20, 2005 Order to the extent it directs Defendants, and not the Funds, to pay $88,830.72 in fees and costs to Mr. David Samson, Esq.

## II. Discussion

### A. Standard

Under Rule 59 of the Federal Rules of Civil Procedure, a party must satisfy a high standard in order to have a judgement altered or amended.  In <u>North River Insurance Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995), the Third Circuit stated that a Rule 59 motion for an amended judgment must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to either correct a clear error of law or prevent a manifest injustice.  A motion for reconsideration is regarded as "the functional equivalent of a Rule 59 motion. . . to alter or amend judgment."  <u>Venen v. Sweet</u>, 758 F. 2d 117, 122 (3d Cir. 1985).

### B. Local Rule 7.1

Although Rule 59 allows for a judgment to be altered, there is no express provision in the Federal Rules of Civil Procedure for a judicial decision to be reconsidered.  <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (Hedges, U.S.M.J.).  However, in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." LITE, N.J. FEDERAL PRACTICE RULES, Comment 6 to L. Civ. R. 7.1(g) (GANN 2002 ed.).  Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.  <u>Compaction Sys. Corp.</u>, 88 F. Supp. 2d at 345.

Relief by way of a motion for reconsideration is an "extraordinary remedy," only to be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins., Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986) (Brotman, U.S.D.J.). Local Rule 7.1(g) does not contemplate a recapitulation of arguments previously considered by a court in rendering its decision. Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992) (Lechner, U.S.D.J.), aff'd, 37 F.3d 1485 (3d Cir. 1994). Stated more simply, a motion for reconsideration is not an appeal. It is improper for a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through – rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (Ackerman, U.S.D.J.). Rule 7.1(g) permits reconsideration only when "dispositive factual matters or controlling decisions of law" that were previously presented to the court were overlooked. Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup, Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (Irenas, U.S.D.J.).

### C. Defendants' Failure to Meet the Standard for Reconsideration

Here, Defendants' motion fails to show that this Court "overlooked" any of the above listed points. An argument is not deemed overlooked because it is not specifically addressed in a court's opinion. Eichorn v. AT&T Corp., No. Civ. A. 96-3587 (MLC), 1999 WL 33471890 (D.N.J. Aug. 23, 1999) (Cooper, U.S.D.J.). An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument. Id. This Court did not overlook any of Defendants' arguments. To the contrary, this Court carefully reviewed and considered each and every point in Defendants' submissions.

### III. Conclusion

Defendants have not met the high standard required to achieve success on a motion for reconsideration. For the reasons stated in this Opinion, Defendants' motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

      S/   Dennis M. Cavanaugh
      Dennis M. Cavanaugh, U.S.D.J.

Date:        August 28, 2006
Original:   Clerk's Office
Cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File